STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-116

PHILIP BROUSSARD AND
NICOLE BROUSSARD, INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
CHILDREN, WILLIAM BROUSSARD
AND HAYDEN BROUSSARD

VERSUS

LAFAYETTE INSURANCE COMPANY,
COLBY MENARD, DONNIE DEROUEN
ELECTRICAL SERVICE, INC., AND
ALLSTATE INSURANCE COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 20060333, DIV. K
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Michael G. Sullivan, and J. David Painter.

AFFIRMED.

Joseph F. Garr, Jr.
Jason M. Welborn
J.P. D'Albor
Attorneys at Law
P.O. Drawer 2069
Lafayette, Louisiana 70502
Counsel for Plaintiff-Appellee:
    Philip Broussard


Richard J. Petre, Jr.
Onebane Law Firm
P.O. Box 3507

**Lafayette, LA 70502-3507**
**Counsel for Defendants-Appellants:**
      **Lafayette Insurance Company, Colby Menard,**
      **and Donnie Derouen Electrical Service, Inc.**

**PAINTER, Judge.**

Defendants, Lafayette Insurance Company, Colby Menard, and Donnie Derouen Electrical Service, Inc., appeal the trial court's ruling admitting the testimony of Plaintiffs' vocational expert, Glenn Hebert, and Plaintiffs' expert economist, Dr. Douglas Womack, over their objection that there was no evidentiary basis for the opinions of Hebert and Dr. Womack. Defendants also appeal the jury's award of $165,000.00 to Plaintiff, Philip Broussard, for loss of future earning capacity. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Philip Broussard, was involved in a motor vehicle accident on April 4, 2005, when the truck he was driving was hit by a Donnie Derouen Electrical Service, Inc. company truck driven by Colby Menard. Plaintiffs initially filed suit against Menard; his employer, Derouen; Lafayette Insurance Company, Derouen's liability insurer; and Allstate Insurance Company, Broussard's own UM insurer. Loss of consortium claims were filed on behalf of Broussard's wife and two minor children. Prior to trial, the consortium claims and the UM claim were dismissed. The facts of the accident are not at issue because, at trial, Defendants stipulated that the accident was entirely Menard's fault.

Shortly after the accident, Plaintiff went to the emergency room with complaints of neck and shoulder pain. He was treated conservatively by a neurologist, Dr. Leo DeAlvare, from April through July 2005. He also attended physical therapy during this time. On October 3, 2005, Plaintiff underwent a cervical MRI which showed a disc herniation at the C5-6 level. He was referred to a neurosurgeon, Dr. Stephen Goldware, who ultimately performed an anterior cervical diskectomy and fusion at the C5-6 level on September 22, 2006.

1

Plaintiff, a self-employed residential real estate appraiser, retained Glenn Hebert as an expert in vocational rehabilitation. Hebert saw Plaintiff on November 7, 2006, seven weeks after Plaintiff underwent surgery. Hebert issued a report on December 5, 2006. In that report, Hebert opined that Plaintiff's earning capacity, given his disability, would be $39,790.00 per year. Based on that figure, Dr. Womack issued a report that projected Plaintiff's future earning capacity loss would range from $462,595.00 to $576,949.00.

When Dr. Goldware was deposed for trial purposes, he testified that Plaintiff had a twenty-five percent whole body anatomical impairment. However, Dr. Goldware was of the opinion that there was no reason that Plaintiff could not continue to work as a real estate appraiser.

Defendants filed a motion seeking to preclude the introduction of expert evidence that Plaintiff had sustained any future earning capacity loss based on Dr. Goldware's trial deposition testimony. In sum, Defendants' arguments were that Hebert's opinions were based on incorrect assumptions about Plaintiff's ability to return to work and, therefore, unreliable and that Dr. Womack's opinions were based on Hebert's unreliable opinions. When this motion came for hearing, Plaintiffs produced new reports from both Hebert and Dr. Womack. The trial judge found that these new opinions were not timely given and were, therefore, inadmissible. However, the trial judge ruled that Hebert and Dr. Womack could testify based on their initial reports. At trial, Defendants renewed their objections of the testimonies of Hebert and Dr. Womack. The trial court again denied the motion, and the matter proceeded to trial. The jury ultimately awarded $165,000.00 in future loss of earning capacity to Plaintiff. On appeal, Defendants argue that the trial court erred in

admitting the testimonies of Hebert and Dr. Womack and that the jury erred in its award of damages for loss of future earning capacity.

## DISCUSSION

We are mindful that "[t]he trial court is allowed much discretion in determining whether to allow a witness to testify as an expert under La.Code Evid. art. 702" and that "[i]ts judgment will remain undisturbed unless clearly erroneous." *Hall v. Brookshire Bros., Ltd.*, 01-1506, p. 19 (La.App. 3 Cir. 8/21/02), 831 So.2d 1010, 1024, *writs granted*, 02-2404, 02-2421 (La.11/27/02), 831 So.2d 285, and *decision affirmed*, 02-2404 (La.6/27/03), 848 So.2d 559. Furthermore, in *Rowe v. State Farm Mutual Automobile Insurance Co.*, 95-669, p. 17 (La.App. 3 Cir. 3/6/96), 670 So.2d 718, 728-29, *writ denied*, 96-0824 (La.5/17/96), 673 So.2d 611, this court stated:

> As a general rule, the factual basis of an expert's opinion goes to the credibility of the testimony, not its admissibility, and it is up to the opposing party to examine the factual basis of the opinion in cross-examination. *Loudermill v. Dow Chemical Co.*, 863 F.2d 566 (8th Cir.1988). However, if an expert opinion is so fundamentally unsupported that it can offer no assistance to the jury, then the testimony should not be admitted at all. *Id.*, citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420 (5th Cir.1987).
>
> La.Code Evid. art. 702, like its Federal counterpart, states that expert testimony must be based on "scientific, technical, or other specialized knowledge." Even then, such "testimony must rise to a threshold level of reliability in order to be admissible." *State v. Foret*, 93-0246 (La. 11/30/93), 628 So.2d 1116, 1123 (adopting Daubert). To be reliable, such testimony requires more than "subjective belief or unsupported speculation," *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, ----, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993)[.]

In the present case, Defendants have not challenged the scientific basis or expertise of either Hebert or Dr. Womack. Based on the foregoing principles of law, we find that the trial court properly admitted the testimony of both Hebert and Dr. Womack.

Moreover, we find that the jury acted within its discretion in awarding $165,000.00 for Plaintiff's loss of future earning capacity. "Awards for loss of future income are inherently speculative, and are intrinsically insusceptible of being calculated with mathematical certainty. Thus, the courts must exercise sound judicial discretion in determining these awards, and render awards which are consistent with the record and which work an injustice on neither party." *Morgan v. Willis-Knighton Med. Ctr.*, 456 So.2d 650, 658 (La.App. 2 Cir. 1984). The record indicates that Plaintiff's injury left him unable to return to work at full capacity. Although he was released by his physician to return to work as a real estate appraiser, he was left with certain physical limitations. For example, he was to avoid heavy lifting. Dr. Goldware recommended that Plaintiff should start lifting twenty-five pounds and work his way up to fifty pounds, but said that he would be limited to fifty pounds for the rest of his life. He was also restricted from doing any overhead work for six months after the surgery. Dr. Goldware also recommended no prolonged or repetitive stooping and bending. In light of these facts, it is not unreasonably inconsistent for the jury to conclude that Plaintiff would suffer some loss in future earning capacity. Accordingly, we affirm the jury's award of $165,000.00 to Plaintiff for loss of future earning capacity.

## DECREE

For these reasons, we affirm the trial court's ruling admitting the testimonies of Glenn Hebert and Dr. Douglas Womack. Furthermore, we affirm the jury's award of $165,000.00 for loss of future earning capacity to Plaintiff, Philip Broussard. Costs of this appeal are assessed to Defendants-Appellants, Lafayette Insurance Company, Colby Menard, and Donnie Derouen Electrical Service, Inc.

**AFFIRMED.**

4